417 P.2d 118

**Robert W. HANKS, Plaintiff and Appellant,**

**v.**

**STATE of Utah, Defendant and Respondent.**

**No. 10541.**

Supreme Court of Utah.

July 21, 1966.

14. See Powers v. Taylor, 14 Utah 2d 152, 379 P.2d 380; Evans v. Gaisford, 122 Utah 156, 247 P.2d 431.

Jimi Mitsunaga, Legal Defender, Salt Lake County, John D. O'Connell, for appellant.

Phil L. Hansen, Atty. Gen., for respondent.

HENRIOD, Chief Justice.

Appeal from a denial of a petition for habeas corpus, Affirmed.

Apparently after reading or hearing about some recent U. S. Supreme Court decisions, defendant concluded he had a good chance of walking away from a grand larceny charge, on technicality.

He says the arresting officers cajoled him into pleading guilty which constituted coercion. He couldn't identify the officers, and now, saying these peace officers yelled at him, now yells at them by remote and unsubstantiated control.

He says the trial court did not advise him properly of his right to counsel. This is the understatement of the year. The trial judge in this case, commonly credited with being eminently fair, almost begged this man of a long record of offenses, to ask for a lawyer. The latter refused four times the invitation. This contention of the defendant is not even good window dressing.

The third point on appeal: That the court erroneously concluded that defendant waived his right to counsel is a flipper-flapper fence that needs no hurdling in light of what we say above. Defendant is not precluded; he may appeal to the U. S. Supreme Court which may have a different slant on the record of this case.

McDONOUGH, CALLISTER and TUCKETT, JJ., concur.

CROCKETT, J., concurs in the result.